May it please the Court, I'm Steve Farmer from Charleston, West Virginia, and along with my colleague, Jennifer Rausch, we appear before you today on behalf of your appellant, Greg Ball. We ask that this Court reverse an order of the District Court of the Southern District of West Virginia on the basis that that order was entered in violation of and through misapplication of West Virginia law, the omnibus statute, and clear settled case law, which would mandate reversal. Before you get too far along that line, you know, we have no federal question here. Correct. This is a West Virginia state law question. Correct. And we had asked counsel to look at a few other items with the thought in mind of whether or not this was more appropriately certified to the West Virginia Supreme Court of Appeals. So it seems like there are a couple of West Virginia cases, I may butcher the names, Morales v. Snotterly and several others, that might indicate that the workers' compensation exclusion does not apply at all, in which case that would seem to resolve all the issues except perhaps for the employee indemnity provision, which is also a question of contract in West Virginia law. So what's your view as to why we shouldn't let the West Virginia Supreme Court determine all these West Virginia questions that are going to come up in the West Virginia courts  Thank you, Your Honor. The reason is, and I have to say no, it's not appropriate for a certified question. Not from your end, but the standard that the West Virginia Supreme Court uses in whether to determine and consider a certified question is found in West Virginia Code 511A3, which sets forth that the West Virginia Supreme Court of Appeals may answer a question of the United States if the answer may be determinative of an issue and a pending cause in the certifying court and, and it's all caps and, if there is no controlling appellate decision, constitutional provision or statute of this state. In this case, there is a statute, the omnibus statute, West Virginia Code Section 3361A. There is a, there is, it's clear and unambiguous. It has been interpreted by the court. So if the workers' comp exclusion doesn't apply by virtue of the case law, does that really make any difference? Exactly. Well, what I'm saying is the omnibus clause stands for permissive use and it's interpreted to be construed broadly by the West Virginia court to find coverage because that's the public policy of West Virginia. H under that statute is the limited workers' comp exclusion and that is when it is liability of the employer. We have case law that says, interpreting that statute, both Henry versus Banu and Morales versus Snotterly, that that exception, exclusion, does not apply to third parties. But you all in the district court didn't get into what might be that relevant precedent. So why wouldn't we let the West Virginia Supreme Court tell us what the West Virginia law is because whatever we would say wouldn't be binding in West Virginia anyway. I'm not, I didn't come to tell this court what it should or should not do. I'm simply saying that the West Virginia Supreme Court, there is definitive authority both statutory and case law. And under their, under, under their procedures, it would counsel them not to accept a certified question. So in Virginia, you have a rule that the Virginia Supreme Court will accept a certified question only if it just resolves the entire case, not just one question in a case. And the only question I have here is whether the, any kind of certified question or even questions we might certify, whether West Virginia has that same limitation on certification, not just that it resolves an issue, but that it would resolve the case as a whole. I don't believe that's the case, Your Honor. I believe the standard is just as I said, that they will hear a question that may be determinative of an issue in a pending cause. So long as there is not controlling statute or appellate decision. And all I'm suggesting to Your Honors is in this particular case, there is a controlling statute and there is controlling authority that we believe. The statute is 33-6-31? Yes, Your Honor, the omnibus statute. Ed Sack. Let me, if I just understand it, it may be all made more complex than it sounds. I mean, than it is. As I understand it, this is a case brought by an employee against a third party, not his employer. So that is not a workers' comp case. That's traditional. And so we shouldn't even be talking about workers' comp. That's our position, Your Honor, and that was our position below. And that, and the policy seems to follow that. But then the policy has this employer's indemnity and liability exclusion. And that language is very broad on the permissive use and might exclude coverage of this permissive user, except that your argument is that section 33-6-31 controls that and overrides that. Yes. And it applies to permissive use as a matter of state law. It does. And the only exception that could be invoked is H, but H only applies to workers' comp. Exactly. Is that your argument? It's our argument. And it's justified, and that argument is set forth in three cases, Burr v. Nationwide, Henry v. Bagnot, and Morales v. Snotterly. Our court has spoken on it. It's been the law for 20 years. And so I can't counsel you not to certify the question. I'm saying that I believe that the matter is here before your court, before this court, and what your Honor just described is exactly the case that has been decided. We don't need to do much contract interpretation. We just need to look at 33-6-31. And our court's interpretation. And the cases that have applied to that. Exactly. And Burr v. Nationwide says that any provision in an insurance policy that is contrary is of no effect. You've got to cover a permissive user. Yeah, you have to cover a permissive user in West Virginia under the Omnibus Act, period. And if you have language that says that would be construed that it does not, under Burr v. Nationwide, that's of no effect. And you're right, Your Honor. That's the case. That's as simple as it is. And we believe that this court has jurisdiction to make such a decision. But if you want to send it to the West Virginia Supreme Court of Appeals and see if they take it, I mean, that's up to your Honors. You'd have to argue it again. I will. Probably brief it again, too, Your Honor. But if there's anything, I mean, that really is as simple as it gets. And that is the case. And if there's anything that you all want me to address, I'd be happy to. But I think you've gotten to the bottom of it. We thank you, sir. Thank you. Thank you. Good morning. May it please the Court. My name is Susan Snowden. I'm with Jackson Kelley, PLLC. And I represent the insurance carrier in this matter, United Financial. It is not as simple as Mr. Farmer, my learned opponent, would put forth. Really at the heart of this matter is a West Virginia question, which I would suggest to does not need certified because it's already been, in 2017, reiterated by our Supreme Court. This is a really unique question based particularly upon the facts. All the cases that this Court cited and sent to us in certified, or not in certified question, but in suggested questions a few weeks ago, none of those cases deal with a situation where an employer turns to a third-party customer, in this case, and says, get in the truck and go ahead and move it. Because Morales, no one was operating the employer's vehicle at the time. Burr, no one was. It was a garage policy. It wasn't an auto policy. Jenkins versus Citi. But see, that practice is relevant to the notion that the injured person here is suing a third-party driver who he alleges was negligent. I don't care whether he was permissively using it. That's evidence of permissive use. But this is the typical case where an employee is in a plant and is injured by a machine. He gets his worker's comp from his employer, and then he goes and sues the machine company for negligent design or something like that. And there's no bar there. The worker's comp carrier is subrogated for its interest, but the claim against the third-party is allowed. Here, the third-party is a permissive user of a vehicle and is therefore insured as a permissive user of that vehicle. And the suit is not against the employer. The suit is against the third-party, who is not an employee. Everybody agrees on that. So we don't have a worker's comp case at all. And the only coverage, and you have coverage exclusion in the employee indemnity employer's liability exclusion. And I was surprised that wasn't addressed very much in the briefs. But there is language. It's very broad. But then if you read this 33-631 and the cases that construe it, they say you can't restrict the permissive use, third-party permissive use coverage. And when I said it's simple, I think it's been made very complex. But I'm not sure we even need to look at the policy if we've got a statute that covers permissive use. Well, I'm going to disagree, because at the root of the question is the issue of whether or not West Virginia is one of those jurisdictions in its substantive law that allows an ancillary insured, which they are, a third-party, an ancillary insured to have greater liability under a policy that is sold than the primary insured in the first instance. And by that I mean Milton Hardware would not have primacy of coverage under this policy.  In a policy statement, the real question is workers' comp restricts coverage. And today, when it was enacted, all the employers were against it. Today, they love it. It protects them. And it limits the amount that can be claimed against the employer. So every time you have a third-party suit, the coverage is broader. The only tricky question in this case is the third party happens to be using the insurance company of the employer, because he was a permissive user. He's in the plant, so to speak, using the plant's facility. But he's negligent, and he's covered as a third party. I would suggest to you that that is not the way our Supreme Court would answer the question under their ruling in Clendenin in 2016, and then again, as they stated, in Rector in 2017. In Rector in May of 2017 – Were those constructions at 33-6-31? They were both auto policies. Yes, they were. I'm asking, were they construing that statute? Because I read the cases construing the statute, and it seems to me there's not much room for – Well, to the extent that our Supreme Court has construed commercial general liability policies and commercial auto policies, they have refused to expand a secondary coverage. Again, not whether one can bring the suit, but the secondary coverage to the secondary insured greater than that which Milton Hardware would have. Didn't the district court just rely on the workers' comp exclusion? I will say that Judge Chambers in the Southern District did say that the workers' comp exclusion applied. That's right. Correct. And therefore, there was no need for him to address the additional coverages such as MedPay. So if this Morales-Henry v. Vigneault case line indicates that the workers' comp exclusion is not applicable here, then doesn't that open all of the plaintiff's claims to recovery? It would – there is not enough evidence in the record below for us to say then that United Financial would be the primary carrier. Based on what we know so far and where the case has progressed to this point, the issues that are coming up now were not addressed by the district court. Its ruling was related to the workers' comp exclusion only. And if we – whether we certify it or whether the determination is there that the West Virginia case law and statute is sufficient to show that the exclusion does not apply, would we then send it back to the district court to determine these other issues in the first instance? I don't believe you'd have to send it back if you certify the question to the West Virginia Supreme Court. Right. But if we didn't, then – If you did not, you may have to send it back to Judge Chambers for additional development. I would suggest to you, however, that, again, there is no West Virginia case that says that workers' comp exclusion does not apply in a commercial auto claim where the third party is seeking coverage under the employer's policy. And that is the distinction. Again, we're not talking about whether the claim may be brought. We're not talking about whether Mr. Perry, who was operating the vehicle, has his own homeowner's insurance that would apply, his own auto insurance that would apply. Perhaps – Let's forget the insurance. Okay. Let's start with the liability. Yes, sir. The liability is a claim by the employee against the third party who drove negligently and injured him. And he has that claim. He can sue them. Correct. Now the question is, what was the name of the third party? Ball. Ball. Ball. Greg Ball. Correct. Now the question is, Greg Ball is driving a – happens to be driving a company vehicle, and that company vehicle is insured, and he looks to the insurance company for coverage. That's a separate question from the liability, but Greg Ball has liability to the employee and can sue. Now the question is, do you have to provide coverage to Greg Ball? And 33-6-31 says you do, and despite your language and your indemnity provision, Anne Henry and those cases seem to construe it that way and will override any restrictions you've tried to put contractually in your policy. I disagree. Okay. Well, that's fair enough. That's why I'm raising it. That's the way I traced it through. Okay. And let me unpack that a little bit. So in this particular circumstance, our Supreme Court has never looked at a case where the injured party, Mr. Ball, the employee, was injured by a third party who was in the employer's vehicle, who had no relationship other than a customer. So it's a very unique factual circumstance. Are you saying Ball is not liable to the employee? No, I'm not saying that. Okay. You agree that Ball is at risk of liability. He can be sued. Correct. That's not an issue. Well, no, just a minute. We're going to take this step by step. There is no workers' comp bar for Ball to be sued, right? Perry to be sued by Ball. Yeah. That's correct, Your Honor. Exactly. What's the fellow's name, the driver? Perry was the driver. Perry. Thank you. Thank you. So Ball can sue Perry, and there's no bar under West Virginia law for that based on workers' comp. Correct. So now the only question is for Perry, whether Perry has insurance coverage for that liability. And so he looks around. He may have a homeowner's policy, and he happens to be, while he's negligent, he happens to be driving a vehicle that's insured by your company. Correct. And he asked for insurance coverage, and the statute said he's driving with permission, so the statute said he has to be covered, and the exceptions you have in your indemnity provision are overridden by the statute. And the Virginia Supreme Court has said that two or three times, constroying that provision. I don't see where you're sort of coming at it from the insurance company's point of view, and you should be. You're counsel for the insurance company, but the question is you have to trace the liability first and then ask who has coverage for the liability. And in this particular circumstance, our Supreme Court has said, while it is true that West Virginia public policy favors compensating persons negligently injured by others, that public policy does not create insurance coverage where none exists. And our court routinely. That's self-evident. We're asking the question of whether 33-6, and I don't know why you hesitate to address that, but that is the permissive use statute, whether that provides, and there's cases in Virginia, very analogous, that provides you have to provide the coverage, even though your policy has a clause that could be read to restrict permissive use. Correct. However, in this particular circumstance, what we have to look at is the issue of the omnibus clause. Can one, and again, I keep saying it's a fundamental issue that our Supreme Court has never expanded. Our court will not disregard exclusions that are clear and unambiguous in a policy of insurance in this instance of an ancillary or definitional insured. And that is exactly what Your Honors is saying, is that that is what our Supreme Court has done, and not even under 33-631 does it abrogate clear and unambiguous exclusions. What is your language that excludes coverage here? Well, there are several places of the language that excludes coverage, and the workers' compensation portion, which we cited at page. . . That doesn't cover. We've already determined that, because it's not a workers' comp plan. Page 157 of 342 of the joint appendix, document number 14, has the workers' comp exclusion. However. . . Which is what the district court relied upon. Which is what the district court relied upon. And I'm telling you, I believe, and our position is that the court was correct in that. Again. . . It's not a workers' comp claim. Actually, it is. It's not a workers' comp claim. It doesn't matter if he would have made the claim or not under our policy, because. . . Not the policy. Let's look at the liability. A workers' comp claim is a claim by an employee against an employer. And he's not suing the employer. He's suing Ball. Which is a different liability confusion when one looks at the policy of insurance and whether there is coverage. Again, the severability clause in page 172 of 342 says, Severability. The coverage afforded applies separately to each insured who is seeking coverage or against whom a claim of a lawsuit is brought. Then we look to page 175 of 342 that limits liability. And I'm going to bring this up, too, because we argued this in our brief as well. You have to look at whether or not the policy of insurance, and this is with regard to the uninsured issue, whether that. . . Well, that doesn't come into play if my reading is correct. True. But it's on appeal, so I want to address it. That's on page 181 of 342. You were trying to rebut the notion that 33-6-31. I suggest that's the beginning and the end in this case. There is nothing else to decide is whether 33-6-31, the views of the legislature override any policy language. And three decisions of the Supreme Court of West Virginia have so held. Actually, they have not held that. Not with regard to a commercial auto policy of insurance, Your Honor. And those are different. In general, to lay it that way, we're talking about permissive use coverage. You have a limitation on permissive use coverage in your policy. Yes, we do, Your Honor. And we cited that in our brief. And my suggestion is you would succeed under that provision unless 33-6-31 applies. And you haven't addressed that, and you haven't addressed it in your brief. Well, that was raised by this court. 33 was not raised at the court below, and that's not the decision that Judge Chambers entered. Judge Chambers relied on the workers' comp. And I suggest that has a lot of hills to climb. Well, I would suggest to you that under a commercial general liability policy, if we're going to abrogate and get rid of any exclusion in an auto policy of insurance, commercial auto policy, where an employer's vehicle is driven by a third party, and therefore all exclusions, if a co-employee or an employee is injured, such as this case, then there would be no exclusions available under that policy of insurance dealing with workers' comp. And why would one ever — But, no, you keep confusing the issue. This is not workers' comp issue. He is not suing the employer. And the workers' comp in West Virginia, as in every other state in the union, will have permit an employee to sue a third person who's not an employee for negligence. Correct. Okay. Let's set aside the workers' comp. So anything that's called workers' comp is not addressed. We're not at issue. We're not going to have a workers' comp claim. We have a claim, a third party claim, against a negligent driver who caused the injuries of Perry. And, no, Ball. Thank you. That's okay. Causes those injuries. And so the question is, what insurance company covers? And you sort of fall back and say, well, we have no West Virginia case that says that general liability coverage doesn't cover somebody like that. Well, I beg to differ if you take the analysis as to their coverage, asserts that their coverage is based on permissive use. And permissive use is a separately insured person under the policy, and the permissive use is regulated by statute. It is a separately insured person under the policy, however, subject to the same conditions and exclusions. And in that case, then do we ‑‑ And statutes. And statutes. And in that circumstance, how would an insurance carrier ever rate the risk of a third party operating that vehicle to the injury of the employer? Again, you would have no way of ‑‑ it would be against really public policy because you would have no way of knowing what the risk was that you were insuring. And it could just as easily be applied, and I would suggest to you that West Virginia's substantive law for severability and under the omnibus statute does not create a great ‑‑ the additional insured permissive user stands in the same shoes as the person who purchased the policy. And therefore, we rely upon the exclusions that are in that policy, and there are numerous. Even more interesting is the fact that in this particular case, the tortfeasor was operating a Milton hardware vehicle, and the injured party was unloading a Milton hardware vehicle. And, again, it's very narrow circumstances. But I believe after rereading Burr and Collins in all the cases, it is a more fundamental issue than does workers' comp apply. It is in a circumstance where the omnibus clause is applicable, do we expand ancillary secondary coverage greater than that which was purchased by the primary purchaser? It's always greater when there's a workers' comp coverage. I mean, the guy is an employee operating out of and in the course of his employment. His injury occurred during, and so his claim against his employer is going to be much more limited than his claim against a third party. I mean, that doesn't, your proposition doesn't, isn't striking. I'm not talking about his actual claim. I'm talking about the insurance coverage. The coverage is for workers' comp, which is a lot narrower than the coverage provided for a third party. And in Jenkins v. City of Elkins, the Supreme Court in a footnote stated that it was not going to go that far with regard to the auto policy. They did make that note in that particular case. They didn't go that far. How do you handle Henry? Henry v. Benio, in this case, give me a minute to get to the right page. There wasn't a workers' compensation in that policy. No, it was a recovery from a third party for damages not covered by workers' compensation. The distinction is Benio had no connection at all to the employer. It was a pure, unadulterated, can we sue a third party if we've already received workers' compensation. So it's not applicable. It's not analogous to the case. Was it an auto accident? Yes. Was it an employee that was injured? Did they say can they sue a third party? Yes, but it wasn't the coverage primacy issues that we have in this case. My time is about up. I appreciate the questions. I do believe that at its base, the issue is one of severability and omnibus applicability. Our court has declined to extend as far as the questions from this court would seem to have it extend, regardless of whether it's a permissive user or not. I would like to thank the court for its time, and we'd ask that you either certify the question, if you have it, to the Supreme Court, or uphold Judge Chambers' decision out of the Southern District in ruling that there was no coverage in this case. Thank you. Thank you very much, counsel. Yes, sir. Mr. Palmer, do you have some rebuttal? Very briefly, and it's on the issue of Henry v. Bagnot and Morales. Those cases involve underinsured motorist coverage. Underinsured motorist coverage in West Virginia is elective. Nobody has to buy it. Liability coverage in West Virginia is mandatory. The notion that the West Virginia Supreme Court would determine that underinsured motorist coverage, which is elective, would be exempt or required under the omnibus clause, and the omnibus clause would apply coverage, and they would not apply that to mandatory liability coverage, is not tenable. So the distinction is without a difference. They have held uniformly, every time they've looked at it, that third-party claims, as it relates to insurance coverage, third-party claims in workers' comp are governed by the omnibus clause, permissive use, and not subject to the restriction on workers' comp. And one last thing that's peculiar to this particular case and an issue that was just raised. The respondent relied heavily below and in their briefing here on the notion that ancillary coverage, as they call it, cannot be greater than the named insured's coverage. Without getting to that issue in this particular case, it's important to understand that the employer in this case had defaulted under their workers' compensation premiums. So the workers' comp claim in this case filed by Mr. Ball is against the uninsured workers' compensation fund, which he will be required to subrogate to if he recovers. But importantly, as a result of them not being competent and effective in workers' comp, there's a case called Showbiz Pizza that the court distinguished below for reasons that we believe don't warrant it. But Showbiz Pizza says, in West Virginia case, that in the event a workers' comp premium is defaulted and therefore the employer is not covered by comp, then even that employer is not covered by the exclusion of H, the statutory scheme of H. So in this particular case, I can't speak to every case, but in this particular case, a ruling for the appellant and a finding that there is coverage would not implicate the notion of whether or not that would give a third party greater coverage than a named insured because the named insured here had no workers' comp exclusion. To be fair, I mean, her point has to be an accurate statement, but it's an accurate statement when you compare apples to apples. In other words, the third party here would not get greater insurance than any other third party, than the company would have vis-a-vis some negligence of its employees against some pedestrian or something like this. In other words, there would be a million-dollar coverage. There's million-dollar coverage. In other words, it's got to be liability, comparing liability coverage with liability coverage. Exactly. And in this case, the negligent driver is not claiming coverage any greater than the policy provides. No. One million, 100,000 in uninsured, and 5,000 in med pay. And that's what we're saying as a permissive user goes to Mr. Perry. That's what goes to the named insured. Yes. But importantly, she's saying, well, in this, if the named insured didn't have any coverage, well, yeah, they do. Well, sure, they had liability. Sure, they do. Liability insurance, not workers' comp insurance. No, it's the same coverage. I want to thank you all very much for your time on this most simple case. After having sat through the morning, I hope we provided you with simplicity at the end. Thank you very much.
judges: J. Harvie Wilkinson III, Paul V. Niemeyer, G. Steven Agee